# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VIRGINIA A. JONES,

                Plaintiff,

v.                                        Case No:  6:10-cv-1139-Orl-18GJK

G4 CONSULTING, LLC, THOMAS GRIGA
and NANCY GRIGA,

                Defendants.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR DEFAULT JUDGMENT (Doc. No. 19)** |
| **FILED:** | **August 6, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND

On August 2, 2010, Plaintiff, Virginia A. Jones, filed a Complaint against Defendants, G4 Consulting, LLC (hereafter "G4 Consulting"), Thomas Griga and Nancy Griga, for violating the Fair Labor Standards Act (hereafter "FLSA").  Doc. No. 1.  In the Complaint, Plaintiff alleges that Defendants are employers, were an enterprise engaged in commerce with annual gross revenue exceeding $500,000.00 per year and that Plaintiff was engaged in interstate commerce, thereby

subjecting her to individual coverage under the FLSA.  Doc. No. 1 at 2, ¶ 9.

Plaintiff alleges that Defendants hired her as a "project lead for upgrade to hospital billing systems/revenue enhancement, and implementation of ANSI 835 computer billing technology in hospitals in Alabama, Michigan, California, Maryland, Indiana, and Georgia." Doc. No. 1 at 3, ¶ 13. Plaintiff alleges that from "April 4, 2009, and continuing through at least October 24, 2009, Defendants failed to compensate Plaintiff at a rate of one and one half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week." Doc. No. 1 at 3, ¶ 15. Plaintiff alleges that she was not paid at all for the last two weeks of her employment. Doc. No. 1 at 3, ¶ 16. Plaintiff alleges that she "incurred expenses directly related to her employment which have not been reimbursed to her." Doc. No. 1 at 3, ¶ 17. Plaintiff's Complaint contains two counts alleging violations of the FLSA: Count I alleges failure to pay minimum wage and Count II alleges failure to pay overtime wages. Doc. No. 1 at 4-6. The Complaint contains a single request for relief, which seeks unpaid minimum wages, unpaid overtime wages, liquidated damages, unpaid employment expenses, attorney's fees and costs. Doc. No. 1 at 6-7.

On December 13, 2010, Plaintiff filed waivers of service of summons executed by G4 Consulting, Mr. Griga and Ms. Griga. Doc. No. 6. On June 5, 2011, Plaintiff's counsel filed a suggestion of bankruptcy, informing the Court that Mr. and Ms. Griga had filed a Chapter 7 bankruptcy petition. Doc. No. 8. On this same date, Plaintiff moved for a default judgment against G4 Consulting. Doc. No. 9. On August 4, 2011, the Court denied the motion for default judgment as premature because Plaintiff had not obtained a clerk's default, as required by Rule 55(a), Federal Rules of Civil Procedure. Doc. No. 10. On March 26, 2012, Plaintiff indicated that a discharge was entered on Mr. and Ms. Griga's bankruptcy petition and that "[e]ntry of the discharge bars any

2

further proceeding herein against the said defendants." Doc. No. 12 at 1.

On March 26, 2012, Plaintiff moved the clerk to enter a default against G4 Consullting, attaching an affidavit in support. Doc. No. 13.[1]  On March 27, 2012, the Clerk entered a default against G4 Consulting and Plaintiff moved for a default judgment, supported by her affidavit. Doc. Nos. 14-15; 15-1. The motion for default judgment and supporting affidavit indicated that Plaintiff sought a default judgment in the amount of $19,744.38, inclusive of attorney's fees and costs. Doc. Nos. 15 at 2; 15-1 at 2. On April 9, 2012, Plaintiff's motion for default judgment was denied without prejudice because Plaintiff did not provide any information which permitted the Court to evaluate whether the attorney's fees she requested are reasonable. Doc. No. 16.

On August 6, 2012, Plaintiff filed an amended motion for default judgment (hereafter "Motion"). Doc. No. 19. In the Motion, Plaintiff indicates that she has eliminated her request for attorney's fees rather than file documentation supporting her prior request for $5,000.00 in attorney's fees. Doc. No. 19 at 1-2 ¶ 3. Plaintiff indicates that she is incorporating her motion and affidavit which sought a default be entered by the clerk (Doc. No. 13). Doc. No. 19 at 2 ¶ 3. Plaintiff requests judgment be entered for $14,744.38, "plus the costs of this action." Doc. No. 19 at 2.

## II.    LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of

---

[1]  Plaintiff indicated that the motion was being filed pursuant to Rule 55(a), Federal Rules of Civil Procedure, which permits the clerk to enter a default against a party who fails to plead or otherwise defend. Doc. No. 13. However, Plaintiff also requested judgment be entered against G4 Consulting. Doc. No. 13.

> fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. Although a defaulting party admits the well-pled allegations in the complaint, a default judgment may be entered "only if the factual allegations of the complaint . . . provide a sufficient legal basis" for entering a default judgment. *Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Thus, the Court "must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to default judgment." *Id*.

A defaulted party admits all well-pled allegations of liability, but does not admit the amount of damages. *Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III.    APPLICATION

### A.    Wages and Expenses

Plaintiff has alleged two claims, both seeking damages under the FLSA. Doc. No. 1. Plaintiff seeks unpaid minimum wages, unpaid overtime wages and reimbursement of employment related expenses. Doc. No. 1 at 6-7. By virtue of the clerk's default, G4 Consulting admits it employed Plaintiff from April 4, 2009 through October 24, 2009. In the affidavit attached to her motion for default, Plaintiff avers that she is owed $6,299.00 in wages, $6,299.00 in liquidated damages and $2,146.38 in reimbursable expenses. Doc. No. 13-1 at 1 ¶ 3. The total of these sums is

$14,744.38.

29 U.S.C. § 216(b) provides that an employer who violates Sections 206 or 207 "shall be liable to the employee . . . in the amount of [her] unpaid minimum wages, or [her] unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." The statute does not provide for the reimbursement of employment related expenses. Plaintiff does not cite any authority that permits such an award. Accordingly, it is **RECOMMENDED** that the Court award Plaintiff $6,299.00 in wages and $6,299.00 in liquidated damages, but deny her request for $2,146.38 in employment related expenses.

### B. Attorney's Fees and Costs

29 U.S.C. § 216(b) provides that a court, in any judgment awarded to a plaintiff, shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Plaintiff requests the Court award her the "costs of this action." Doc. No. 19 at 2. However, Plaintiff has provided no documentation to support this request. Accordingly, it is **RECOMMENDED** that Plaintiff's request for an award of costs be **DENIED**.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** as follows:

1. The Motion be **GRANTED in part**;

2. Default judgment be entered against G4 Consulting in the total sum of $12,598.00, representing $6,299.00 in wages and $6,299.00 in liquidated damages; and

3. In all other respects, the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on August 30, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy